IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FLORA BENAVIDEZ, on behalf of**
**MICHAEL L. PATTERSON,**

      **Plaintiff,**

v.                                                                             No. CIV 02-1085 MV/LCS

**JO ANNE D. BARNHART, Commissioner,**
**Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing (Doc. 12), filed February 5, 2003. Plaintiff brought this action on behalf of her minor son, Michael L. Patterson (Michael), who was born on December 27, 1986. The Commissioner of Social Security issued a final decision denying Michael's application for supplemental security income. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), having considered the Motion, arguments of counsel, administrative record, and applicable law, finds that Plaintiff's Motion to Reverse and Remand for a Rehearing should be **GRANTED**.

## Procedural Background

Plaintiff filed an application for supplemental security income on behalf of Michael, alleging that Michael had been disabled since September 9, 2000, due to attention deficit hyperactivity disorder and depression. At the time of filing, Michael was thirteen years old. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. Plaintiff appealed the

denial by filing a Request for Hearing by Administrative Law Judge (ALJ). After conducting an administrative hearing, the ALJ denied the application on the ground that Michael did not have an impairment or combination of impairments that is functionally equal in severity to a listed impairment. The Appeals Council denied Plaintiff's request for review.

**Standard of Review**

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether correct legal standards were applied. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). Evidence is not substantial if it is overwhelmingly contradicted by other evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)(citation omitted). The district court reviews of the entire record, and may not reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991).

**Discussion**

Plaintiff argues that the ALJ erroneously relied on the opinion of non-examining state agency consultants and that the ALJ's determination that Michael had less than a marked impairment in the area of attending and completing tasks is not supported by substantial evidence.

An individual under the age of eighteen is considered disabled if that child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ must

determine (1) that the child has not engaged in substantial gainful activity, (2) that the child has a severe impairment or combination of impairments, and (3) that the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404 (the listings). *See* 20 C.F.R. § 416.924a.

Functional equivalence is evaluated by considering six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for self; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i) through (vi). An impairment is functionally equivalent to a listed impairment if the child has an extreme limitation in one domain, or marked limitations in two or more domains. 20 C.F.R. § 416.926a(d). A "marked" limitation interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

Plaintiff contends that Michael has a marked limitation in the domain of attending and completing tasks. Because the ALJ determined that Michael had a marked limitation in the domain of acquiring and using information, (Tr. at 18), Michael would qualify as disabled is he were found to have a marked impairment in the domain of attending and completing tasks. 20 C.F.R. § 416.926a(d).

The domain of attending and completing tasks involves how well the child is able to focus and maintain attention, and how well he begins, carries through, and finishes activities, including the pace and the ease with which the child changes activities. 20 C.F.R. § 416.926a(h). It involves the ability to filter out distractions and remain focused on an activity or task at a consistent level of performance. 20 C.F.R. § 416.926a(h)(1)(ii). An adolescent between the ages of twelve and eighteen should be able to pay attention to increasingly longer presentation and discussion, maintain concentration while

3

reading textbooks, independently plan and complete long-range academic projects, organize materials and plan time in order to complete school assignments. 20 C.F.R. § 416.926a(h)(2)(v). Examples of limited functioning in this domain include being easily distracted or overactive, failure to complete activities of interest such as games or art projects, becoming repeatedly sidetracked from activities, frequently interrupting others, being easily frustrated, giving up on tasks and requiring extra supervision to keep engaged in a activity. 20 C.F.R. § 416.926a(h)(3)(i-v).

The ALJ acknowledged that Michael exhibited problems with task completion that had been linked to Michael's fear of performing poorly. (R. at 18.) However, the ALJ noted that Michael's problems with task completion were improved when he was compliant with prescribed medication. (*Id*.) The ALJ further found that Michael was performing better academically and was passing all his courses and that he enjoyed playing video games, watching television, listening to music and riding ATVs. (*Id*.) Based on these factors, the ALJ concluded that Michael had less than a marked impairment in the attending and completing tasks domain. (*Id*.)

The ALJ based his finding regarding Michael's improvement with medication on the findings of two state agency medical consultants. (R. at 16, 142, 162.) Opinions of state agency physicians can be given weight only insofar as they are supported by evidence in the case record and consistent with the record as a whole. *See* Soc. Sec. Ruling 96-6p. According to the regulations, "because non-examining sources have no examining or treating relationship with [the claimant], the weight [the ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. §416.927(d)(3). The more consistent an opinion is with the record as a whole, the more weight should be given to that opinion. 20 C.F.R. § 416.927(d)(4).

In this case, the non-examining agency medical consultants based their findings on the notes

4

of Dr. Rene Gonzales, M.D., Michael's treating physician. (R. at 140-145, 160-165.) On April 17, 2001, Dr. Gonzales noted that Michael was "doing better" and was "not having side effects." (R. at 147.) However, there are no legible notes from Dr. Gonzales linking the medication to an improvement in Michael's problems with task completion. No other evidence of record supports the consultants' opinions. The ALJ erred in giving controlling weight to the opinions of the non-examining agency consultants because their opinions are unsupported by the record. On remand, the ALJ should not give controlling weight to the opinions of non-examining consultants and should reconsider his conclusion that Michael has less than a marked limitation in the domain of attending and competing tasks.

Plaintiff argues that the ALJ's determination that Michael had less than a marked impairment in the domain of attending and completing tasks is not supported by substantial evidence. I agree. In a Multidisciplinary Evaluation Report performed on October 30, 2000, Carolyn Rodriguez, a Licensed Educational Diagnostician, stated that Michael did not complete his course work and that he was off-task in class. (R. at 113.) Michael was unable to "consistently maintain productive work on a specific task for a reasonable length of time." (R. at 118.) In a January 4, 2001, a speech pathologist observed that Michael exhibited a tendency to give up too quickly, needed frequent prompting, and had delayed or evasive responses. (R. at 137.)

In March 2001, Michael's special education teacher reported that Michael "always" had difficulty competing tasks, "always" had problems with distractibility, and "always" had difficulty concentrating. (R. at 97-98.) The teacher wrote that Michael had great difficulty concentrating and would "sit for hours" without doing anything. (R. at 98.) In a February 2002 Individualized Education Program Report, the evaluators stated that Michael had difficulty maintaining appropriate

5

alertness to learn. (R. at 168.) In contrast to the ALJ's findings regarding academic improvement, Michael received mostly Cs and Ds on his report cards. (R. at 181, 185, 186.)

The ALJ did not discuss the Multidisciplinary Evaluation Report or the academic evidence, but instead relied on Michael's testimony that he played video games, watched television, listened to music and rode an ATV to conclude that Michael had less than a marked impairment in the domain of attending and completing tasks. A plain reading of the regulations indicates that the domain of attending and completing tasks covers a child's ability to perform academic tasks, and not his ability to engage in recreational activities such as playing video games, watching television, listening to music or riding an ATV. For instance, the regulations provide that an adolescent between the ages of twelve and eighteen should be able to pay attention to increasingly longer presentation and discussion, maintain concentration while reading textbooks, independently plan and complete long-range academic projects, organize materials and plan time in order to complete school assignments. 20 C.F.R. § 416.926a(h)(2)(v). The abilities specified by the regulation do not relate to passive, recreational activities, but rather the ability to perform academically. The existing record does not contain substantial evidence supporting the ALJ's conclusion that Michael had less that a marked limitation in the domain of attending and completing tasks.

Conversely, the existing record coincides with the regulatory examples of deficiencies in this domain. Such deficiencies include being easily distracted or overactive, failure to complete activities of interest such as games or art projects, becoming repeatedly sidetracked from activities, frequently interrupting others, being easily frustrated, giving up on tasks and requiring extra supervision to keep engaged in a activity. 20 C.F.R. § 416.926a(h)(3)(i-v). Michael "always" had difficulty competing tasks, "always" had problems with distractibility, "always" had difficulty concentrating and had

6

difficulty maintaining appropriate alertness to learn. (R. at 97-98, 168.)  The ALJ's finding that Michael has less than a marked impairment in the domain of attending and completing tasks is not supported by the existing record.

**Conclusion**

Upon review of the administrative record and the arguments presented, the Court has determined that Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing (Doc. 12), filed February 5, 2003, be **GRANTED IN PART**.  On remand, the ALJ should not give controlling weight to the opinions of non-examining agency consultants and should reconsider whether Michael has a marked impairment in the domain of attending and competing tasks.

**AN ORDER OF REMAND CONSISTENT WITH THIS MEMORANDUM OPINION WILL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**